Tony **JEFFERS**, Plaintiff–Appellant,

v.

Debbie **HEAVRIN**, Defendant–Appellee.

No. 92–6453.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 24, 1993.

Decided Nov. 23, 1993.

Albert T. Quick, Dean, Ohio Northern University, Claude W. Pettit College of Law, Ada, OH, David A. Friedman (argued and briefed), American Civ. Liberties Union of Ky., Louisville, KY, for plaintiff-appellant.

N. Scott Lilly (argued and briefed), Jefferson County Attorney's Office, Louisville, KY, for defendant-appellee.

Before: KEITH, GUY, and BATCHELDER, Circuit Judges.

RALPH B. GUY, JR., Circuit Judge.

Plaintiff, Tony Jeffers, appeals from a decision finding that defendant police officer, Debbie Heavrin, is protected by the doctrine of qualified immunity from damages flowing from her arrest of Jeffers without probable cause.[1]

Although we affirm the decision of the district court on the issue of qualified immunity, we find it necessary to remand again on the issue of the alleged pendent state claims.

## I.

On the issue of probable cause, we concluded our earlier opinion by stating:

Under these circumstances, we are forced to conclude that the requisite probable cause for an arrest was lacking. In reaching this conclusion, we do not foreclose an argument upon remand that Officer Heavrin, although in the wrong, may nonetheless be entitled to qualified immunity. We pass no judgment on the merits of such an argument, if made.

*Jeffers v. Heavrin,* 932 F.2d 1160, 1164 (6th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 937, 117 L.Ed.2d 108 (1992).

The district judge concluded that Heavrin was entitled to qualified immunity, and now we must pass the judgment we earlier reserved.

Our starting point is that probable cause determinations, even if wrong, are not actionable as long as such determinations pass the test of reasonableness. Reasonableness is a question of law to be decided by the trial judge. *Hunter v. Bryant,* — U.S. —, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). We already have determined that Officer Heavrin's probable cause determination was

wrong, so we are left only to determine its reasonableness. Although we make this determination *de novo,* we evaluate any of the trial judge's underlying factual determinations under a clearly erroneous standard.

On the date Jeffers was arrested, Officer Heavrin was stationed at one of the infield gates at Churchill Downs on the day of the running of the 1983 Kentucky Derby. A crowd of 130,000 persons was anticipated. Of that number, 75,000 were destined to sit in the infield with no fixed or reserved seating. Since previous experience had indicated the infield crowd sometimes became unruly, entering patrons were not allowed to bring in grills, bottles, or anything that might be used as a weapon or missile. Parcels were inspected.

The problem was severe enough that in 1981 and thereafter the Jefferson County Police Department assumed responsibility for the gate inspections of the 75,000 persons who would be entering the infield. The problem of illegal drugs entering was significant enough that four roving narcotics officers were deployed as part of the infield gate crew.

When Jeffers, one of the thousands passing through the gate where Heavrin was working, turned up with a suspicious pill bottle, Heavrin sought the help of another officer to have the pills identified. When that officer reported back that the contents were suspected to be valium in an unlabeled bottle, Heavrin arrested Jeffers. In hindsight, the information on which Heavrin acted was negligently secured, and her decision to arrest Jeffers rather than deny entry was questionable. However, the doctrine of qualified immunity encompasses such judgmental errors. *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). As did the district judge, we find the decision to arrest was reasonable under the circumstances. The huge crowds, the potential for unruly crowds causing personal injuries, the "contribution" that illegal drugs and alcohol

1. This appeal is before us following an earlier remand. *Jeffers v. Heavrin,* 932 F.2d 1160 (6th Cir.1991). The original opinion of the district court also was published. *Jeffers v. Heavrin,* 701 F.Supp. 1316 (W.D.Ky.1989). We do not recite the facts again and merely pick up the scenario from the point of our prior remand.

make to crowds getting out of hand were the backdrop against which Officer Heavrin had to make an immediate field decision. Unquestionably, she could have done more investigating, but we know of no case decided at that time which would have reasonably put her on notice that she must do so under these circumstances.

## II.

In the district court's original opinion, the trial judge concluded:

Thus, although Jeffers' complaint sufficiently makes a separate claim for damages as the result of negligent prosecution, damages were not established during trial with the specificity required in order for this Court to render an award. For that reason and that reason only, an award of damages will not be made to the plaintiff for his claim of negligent prosecution.

*Jeffers v. Heavrin*, 701 F.Supp. 1316, 1326 (W.D.Ky.1989). Our appellate response to this conclusion was as follows:

We also conclude the court erred in determining that damages were not proved with sufficient specificity to be awarded. Although damages of the type incurred here do not generate paid receipts or documented out-of-pocket expenses or losses, they are not speculative and appear, to us at least, relatively easy to compute.

Due to our ruling on the probable cause issue, we pass no judgment on the viability of a "negligent prosecution" theory. It may well be that this theory will now be subsumed by the probable cause determi-

nation, since it would appear the damages would be the same under either theory. 932 F.2d at 1164 (footnote omitted).

On remand, the district court made no mention of the "negligent prosecution" claim. Although we suggested that if damages were awarded for the arrest without probable cause this might subsume the alternate theory, such did not come to pass. Since we have the issue before us again, we note that "negligent prosecution" is a term coined in the district court's original opinion without specific reference to state law.[2] We also note that the original basis for federal jurisdiction has now evaporated and the status of pendent state claims is not clear. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Normally, state claims would be dismissed without prejudice in a pretrial setting, but, here, there already has been a trial.

It appears to us the best course of action is to remand and let the district judge determine if such a cause of action exists, if it has been properly pleaded, and its status now that the federal claim has been decided adversely to the plaintiff. In making its determination, the district court need be mindful of its earlier ruling on this issue. Our reading of that ruling is that this cause of action was pleaded, but damages were not established. We found no prior ruling on *liability* made by the trial judge and we, of course, reversed the court's damages conclusion.

Reluctant as we are to send back this ten-year old case, we have no alternative but to remand.

**AFFIRMED IN PART and REMANDED for further proceedings.**

2. In count III, paragraph 4, the following is alleged:

The Defendant, Debbie Heavrin, on the 7th day of May, 1983, was negligent or reckless in the performance of her duties and falsely arrested the Plaintiff in violation of K.R.S. 431.-005 by making a warrantless arrest on less than reasonable grounds and when no misdemeanor was committed in her presence and thereafter caused him to be imprisoned and prosecuted negligently, wrongfully and unlawfully.

It is assumed this is the source of the court's reference to "negligent prosecution." This paragraph also refers to claims for false arrest and

false imprisonment, and these claims were not addressed in the district court either. We also note that if, as plaintiff contends, there are unresolved pendent state claims, then this appeal is technically not properly before us. Although the denial of a qualified immunity motion is a proper subject of an interlocutory appeal, the granting of such a motion does not carry with it the right to appeal when there are still other unresolved claims. We proceed nonetheless for two reasons: (1) the district court may have erroneously thought its qualified immunity ruling disposed of all claims, and (2) we endeavor to serve judicial economy by resolving the qualified immunity issue.

KEITH, Circuit Judge, concurring in part and dissenting in part.

Because I disagree with the majority's finding of qualified immunity for defendant, I must dissent from Part I of the Court's opinion.

Government officials performing discretionary functions have qualified immunity shielding them from civil liability if their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In other words, qualified immunity is available if a reasonable police officer could have believed that her conduct was lawful, in light of clearly established law. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). If officers of reasonable competence could disagree as to the lawfulness of the conduct, immunity should be recognized. *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

At the time of Jeffers' arrest, the law was clearly established that an arrest must be supported by probable cause. It was also clearly established that probable cause, "a probability or substantial chance of criminal activity," *Illinois v. Gates,* 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983), is to be determined by reviewing the totality of the circumstances. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332.

Thus, in deciding whether Heavrin has qualified immunity, this Court must consider whether in the "totality of the circumstances" known to Heavrin, she reasonably could have thought she possessed probable cause to arrest Jeffers. *Creighton,* 483 U.S. at 641, 107 S.Ct. at 3039–40; *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1453 (9th Cir.1991).

At the time Heavrin arrested Jeffers, she was aware of various information. Attempting to enter an enclosed area containing horses, grass and dust, Jeffers identified medication in a pill bottle as allergy medicine. The allergy medicine had a prescription, which was in Jeffers' name. Jeffers' physician was accessible to Heavrin, for his name and telephone number was on the prescription. The Physician's Desk Reference, an encyclopedia picturing and identifying hundreds of pharmacological pills was also available to Heavrin. Finally, Heavrin had direct access to four narcotics officers.

Despite these circumstances, Heavrin arrested Jeffers based on a second hand statement, delivered by a non-narcotics officer, that the pills might be valium. In an earlier proceeding, this Court characterized the statement as insignificant, because it was unclear who thought the pills were valium, and because "the four narcotics officers who were on the premises not only deny making any identification of the pills as valium but also indicate it would have been clear to them that the pills were not valium." *Jeffers v. Heavrin,* 932 F.2d 1160, 1164 (6th Cir.1991). Even the majority acknowledges that the information on which Heavrin based her arrest was "negligently secured."

In finding qualified immunity, however, the majority attributes the reasonableness of the arrest to "the potential for unruly crowds causing personal injuries" and "the 'contribution' that illegal drugs and alcohol make to crowds getting out of hand." While I recognize the impact illegal drugs and unruly crowds have upon the mindset of a reasonable officer, I believe the objective facts available to Heavrin, in the totality of the circumstances, do not reasonably suggest she had probable cause to arrest Jeffers. Heavrin disregarded all expert and reliable resources established to accurately identify contraband without infringing upon liberty rights of spectators. A reasonable police officer would not have ignored available information from the Physician's Desk Reference, a trained narcotics officer or Jeffers' doctor before effecting an arrest. *See Merriman v. Walton,* 856 F.2d 1333, 1335 (9th Cir.1988).[1] A reasonable officer, although apprehensive about illegal drugs and unruly crowds, would not arrest an individual without examining information available under

---

1. I do not imply that officers always have a duty to investigate. Rather, I suggest that under these circumstances, no reasonable police officer would have arrested Jeffers. The reasonable officer would have inquired further.

the totality of the circumstances and establishing probable cause.