In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-2280

DAVID PENN,

*Plaintiff-Appellant,*

*v.*

VERONICA HARRIS and MELVIN JONES,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CV 8021—**Harry D. Leinenweber**, *Judge.*

ARGUED JUNE 11, 2002—DECIDED JULY 10, 2002

Before COFFEY, RIPPLE, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Around midnight on a cold December night, hundreds of students at Chicago State University had to evacuate their dormitory after fire alarms sounded. The students were kept out in the cold while police and dorm personnel made sure the building was safe to reenter. After about 45 minutes outside, the students grew agitated. One student, plaintiff David Penn, began pounding on the dorm's front door and yelling profanities at the campus officers inside. One of the officers inside the dorm, defendant Veronica Harris, opened the door and directed Penn to come inside. The parties tell different stories about what

happened next. Penn claims that as soon as he entered the dorm, Harris and another officer, defendant Melvin Jones, began beating him without provocation. The defendants claim that Penn provoked an altercation upon entering when he shoved Harris up against a wall.

The officers arrested Penn, and the state's attorney charged him with misdemeanor battery. Before Penn stood trial, however, the state's attorney asked the trial court to dismiss the charge against Penn with leave to reinstate, which the court did.

Penn then filed this lawsuit. He sued numerous defendants, including the school, its president, its board of trustees, and campus police officers, and alleged numerous claims, including constitutional claims of malicious prosecution, excessive force, and conspiracy, as well as state law claims of battery and intentional infliction of emotional distress. The district court dismissed most of the claims and defendants, and subsequently granted summary judgment to defendants Jones and Harris on Penn's claims under 42 U.S.C. § 1983 for malicious prosecution and conspiracy. A jury trial was held on Penn's remaining excessive force and battery claims. Jurors found that Jones and Harris had used excessive force, but had not committed battery, and in the end awarded Penn no damages.

Penn limits his appeal to challenge only the district court's order granting summary judgment to Harris and Jones on his malicious prosecution claim, and the jury's decision to award him no damages on his excessive force claim. He argues that the district court should not have entered summary judgment in the defendants' favor on his malicious prosecution claim because disputed material facts exist—namely, over whether the defendants had probable cause to arrest him. We review summary judgment decisions *de novo*, determining for ourselves whether, after drawing all reasonable inferences in favor of Penn, there

are any genuine issues of material fact. *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 352 (7th Cir. 2002). We will affirm the district court's decision if there are no disputed material facts and the defendants are entitled to judgment as a matter of law. *Id.*

The district court analyzed Penn's malicious prosecution claim under § 1983 by applying a tripartite formula that until recently had been followed by this court. *See Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (citing cases employing the formula). This formula inquires whether (1) the plaintiff satisfied the requirements of a state law cause of action for malicious prosecution; (2) a state actor committed the malicious prosecution; and (3) the plaintiff was deprived a liberty interest. *See, e.g., Cervantes v. Jones,* 188 F.3d 805, 809 (7th Cir. 1999). The district court here concluded that Penn failed to satisfy the requirements of the first and third prongs, and so granted summary judgment to the defendants. *Penn v. Chicago State Univ.*, 162 F. Supp. 2d 968, 975-78 (N.D. Ill. 2001).

Although the district court's adherence to the formula was proper at the time, we have since held in *Newsome v. McCabe* that a § 1983 claim of malicious prosecution "should be analyzed not under the substantive due process approach implied by this [tripartite] formula but under the language of the Constitution itself." *Newsome*, 256 F.3d at 751. In other words, as *Newsome* explained, there is no "constitutional right not to be prosecuted without probable cause." A plaintiff therefore may not state a § 1983 claim simply by alleging that he was maliciously prosecuted. Instead, he must allege the violation of one of his constitutional rights, such as the right to a fair trial. *Id.* at 750-52.

In light of *Newsome*, we determine not whether summary judgment is appropriate based upon the district court's three-part malicious prosecution inquiry, but rather whether Penn has submitted evidence that defendants violated a

constitutional right. *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). Penn's claims, however, do not assert the violation of a constitutional right. Although in *Ienco*, we remanded the case to allow the plaintiff to recast his claims in light of *Newsome*, we did so because we had issued *Newsome* during the pendency of the plaintiff's appeal. *Id.* at 999. Unlike the plaintiff in *Ienco*, Penn has had ample time (*Newsome* issued before the district court entered final judgment and before Penn filed this appeal) to recast his claims as violations of a constitutional right, and so we need not do so for him. *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir. 1999) ("we are not in the business of formulating arguments for the parties"); *see also Mearday v. City of Chicago*, 196 F. Supp. 2d 700, 714 n.19 (N.D. Ill. 2002) (declining to recast a plaintiff's § 1983 malicious prosecution claim as a constitutional violation claim to comport with *Newsome*). Therefore, Penn's § 1983 malicious prosecution claims fail as a matter of law and we affirm the district court's order granting summary judgment (albeit on a different basis). *See, e.g., Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972-73 (7th Cir. 2000).

Although *Newsome* precludes a malicious prosecution claim brought under § 1983, a state law claim of malicious prosecution is still viable. Penn did not allege such a state claim, but even if he had, the defendants would still be entitled to summary judgment. Under Illinois law, a plaintiff may prove malicious prosecution by showing that (1) the defendant sued the plaintiff maliciously and without probable cause; (2) the suit terminated in the plaintiff's favor; and (3) the plaintiff was injured beyond the cost and annoyance of defending the suit. *Miller v. Rosenberg*, 749 N.E.2d 946, 951-52 (Ill. 2001). Penn cannot show at least two of the required elements. First, there is no evidence in the record that the defendants lacked probable cause to arrest him. Probable cause exists when, based on the facts known, a reasonable person would believe a person was guilty of

committing an offense. *Cervantes*, 188 F.3d at 811. When the facts known are undisputed, probable cause is a question of law. *Id.* Penn does not dispute that he banged on the front doors of the dormitory yelling profanities at the officers inside. Given the circumstances of hundreds of increasingly agitated students, the defendants had probable cause to arrest Penn for disorderly conduct, which under Illinois law occurs when a person "[d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1(1); *Biddle v. Martin*, 992 F.2d 673, 677 (7th Cir. 1993). The officers arrested Penn for battery rather than disorderly conduct, but "even if probable cause did not exist for the crime charged [battery], proof of probable cause to arrest the plaintiff on a closely related charge [disorderly conduct] is also a defense" to a state law claim of malicious prosecution. *Kelley v. Myler*, 149 F.3d 641, 647-48 (7th Cir. 1998).

Second, Penn has not shown that the state's criminal case against him terminated in his favor. A criminal case terminates in an accused's favor when the circumstances surrounding dismissal reflect innocence. *Cult Awareness Network v. Church of Scientology Int'l*, 685 N.E.2d 1347, 1352-53 (Ill. 1997). The state court dismissed the criminal case against Penn, but granted the prosecutor leave to reinstate the battery charge. Penn bears the burden of showing that the circumstances surrounding the dismissal with leave to reinstate are indicative of his innocence. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). But Penn submitted no evidence to that effect, except for unfounded claims (with no citation to the record) that the prosecutor dismissed the criminal case so that the defendants would not have to perjure themselves at trial. Therefore, even under a state law claim of malicious prosecution, the defendants would be entitled to summary judgment.

Penn also argues on appeal that the jurors erred when they did not award him nominal and punitive damages on

his claims that the defendants used excessive force when they arrested him. Although the jurors determined through special interrogatories that Harris and Jones had used excessive force, they found that the force caused no injuries and therefore awarded no damages. The jurors also determined through special interrogatories that Harris and Jones did not act with "malice or with reckless indifference" warranting punitive damages. Penn argues that jurors were required to award him at least nominal damages, but he waived the argument because he did not object to the instruction given by the district court that jurors *may* award nominal damages. Fed. R. Civ. P. 51; *Chestnut v. Hall,* 284 F.3d 816, 819 (7th Cir. 2002). Penn also waived the issue by failing to submit a proposed nominal damages instruction to the district court. *Sims v. Mulcahy,* 902 F.2d 524, 535 (7th Cir. 1990).

For the preceding reasons, we AFFIRM the judgment of the district court.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*