**Richard WOS, Plaintiff–Appellant,**

v.

**Michael F. SHEAHAN, et al.,
Defendants–Appellees.**

No. 02–2212.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.*

Decided Dec. 17, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

### ORDER

Just after midnight one morning in August 2000, Cook County sheriff's deputies stopped a car driven by appellant Richard Wos during a roadside safety check. After Mr. Wos failed to produce a valid driver's license when asked, deputies arrested him and impounded his car. The state court convicted him of one count of driving without a license, but dismissed a count of obstruction of justice. Mr. Wos then filed a 13-count complaint in federal court against the sheriff's office, two deputies, and a towing company, alleging numerous violations of his constitutional rights as well as violations of state law. The district court dismissed Mr. Wos' complaint, and we affirm.

Mr. Wos alleged the following facts in his amended complaint, which for purposes of reviewing the dismissal of his case, we accept as true. *Hickey v. O'Bannon,* 287 F.3d 656, 657–58 (7th Cir.2002). After the deputies stopped Mr. Wos at the roadside safety check, deputy Ray Farrinella asked him for his driver's license. Mr. Wos did not produce a valid driver's license and instead asked deputy Farrinella whether his license would be "used in any way against me." After Mr. Wos failed to produce a license as requested, deputy Farrinella pulled him from his car and arrested him for driving without a license and for obstruction of justice. Another deputy, Aleshia Reinhart, searched Mr. Wos and found only an international driver's permit. At no point did Mr. Wos offer to produce a valid Illinois driver's license, instead telling the deputies that "with all due respect, I prefer to remain silent." Mr. Wos alleges that the deputies were angered by his request to remain silent and told him that he would "sit in jail forever." He was then taken to a county jail and booked. Meanwhile, deputy Farrinella conducted an inventory search of Mr. Wos' car including items in the trunk and had the car towed to an impoundment lot. Deputies released Mr. Wos on $100 bond at about 5:30 that morning. Mr. Wos retrieved his car from the impoundment lot when it reopened the following day.

Mr. Wos filed a *pro se* complaint under 42 U.S.C. § 1983 against sheriff Sheahan, deputies Farrinella and Reinhart, and Leyden Windy City Towing, Inc. ("Leyden Towing"), the company that towed his car. He alleges that the sheriff and deputies subjected him to an unreasonable search and false arrest, deprived him of his property, maliciously prosecuted him, arrested him for invoking his right to remain silent, deprived him of the right to travel, and denied him procedural due process when they seized his property without a hearing. He further alleges that Leyden Towing conspired with the sheriff to deprive him of his property. Finally, he asserts numerous state law claims including conversion, breach of bailment, and negligent infliction of emotional distress against various defendants. Defendant Leyden Tow-

ing answered the complaint, but the remaining named defendants-Mr. Sheahan, Mr. Farrinella and Ms. Reinhart-filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motions and dismissed with prejudice all of the federal claims, including the conspiracy claim against Leyden Towing. The court also relinquished supplemental jurisdiction over the state law claims and entered final judgment. Mr. Wos filed a timely appeal.

We review the district court's decision dismissing Mr. Wos' complaint *de novo*. *Id.* at 657. We will affirm if Mr. Wos would not be entitled to relief under any set of facts he could prove consistent with his allegations. *Id.* at 657.

■ We first examine the district court's dismissal of Mr. Wos' claims against deputies Farrinella and Reinhart. To maintain a claim under § 1983, Mr. Wos must demonstrate that the deputies, acting under color of state law, violated Mr. Wos' constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir.2002). Mr. Wos identifies several constitutional rights he claims were violated. First, Mr. Wos complains that the police violated his Fourth Amendment rights when they subjected him to an unreasonable search, seizure, and arrest at the roadside safety checkpoint. Although stopping a car at a police checkpoint constitutes a seizure, *Michigan Department of State Police et al. v. Sitz et al.*, 496 U.S. 444, 450, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), the Supreme Court has stated that brief stops by police to verify that drivers have a valid license are reasonable and do not violate the Fourth Amendment. *City of Indianapolis v. Edmond*, 531 U.S. 32, 37–38, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000). When Mr. Wos failed to produce a valid license (which for Illinois residents must be an Illinois driver's license, *see* 625 ILCS 5/6–

112; *People v. Mendez*, 322 Ill.App.3d 103, 255 Ill.Dec. 290, 749 N.E.2d 391, 396–97 (Ill.App.Ct.2001)), deputies had probable cause to believe he had violated the law and to arrest him. *United States v. Covarrubias*, 65 F.3d 1362, 1368 (7th Cir. 1995); *Mendez*, 255 Ill.Dec. 290, 749 N.E.2d at 397. After the deputies arrested Mr. Wos, they were then permitted to impound the car to remove it from the public roadway. *See United States v. Duguay*, 93 F.3d 346, 353 & n. 2 (7th Cir. 1996). They were also allowed to conduct an inventory search of its contents to guard against danger and protect themselves from claims of lost or vandalized property. *Id.* Mr. Wos' own description of events during the roadside safety check established that no unreasonable search, seizure, or arrest occurred, and so the district court correctly dismissed those claims.

■ Second, Mr. Wos claims that the deputies violated his right under the Fifth Amendment not to incriminate himself when they requested his driver's license without first reading him his *Miranda* rights. But Mr. Wos was not yet entitled to be read his *Miranda* rights because being asked to produce his driver's license was not a custodial interrogation. *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Mr. Wos also claims that the deputies violated the Fifth Amendment by arresting him in response to his request to remain silent. According to his own account of events, however, he was arrested *before* he asked to remain silent and so could not have been arrested *because* of that request. Therefore, the district court also correctly dismissed this claim.

■ Third, Mr. Wos alleges that the deputies and sheriff deprived him of his constitutional right to travel. Mr. Wos argues that the Constitution grants him

"the freedom to travel in a modern day conveyance on public roads in America" and that the deputies could not restrict that right even if he failed to produce a valid license. The right to travel guarantees citizens of one state the right to enter and leave other states or to be treated as welcome visitors in other states, *Chavez v. Ill. State Police*, 251 F.3d 612, 648 (7th Cir.2001), not the right to drive a car without a license, *see Miller v. Reed*, 176 F.3d 1202, 1205–06 (9th Cir.1999). Mr. Wos has, therefore, failed to state a claim that he was denied his constitutional right to travel and this claim was properly dismissed.

None of Mr. Wos' remaining claims against deputies Farrinella and Reinhart are actionable under § 1983. Mr. Wos complains that the deputies and sheriff deprived him of his property without just compensation when they seized his car, took his fingerprints and picture while he was being booked, and failed to return all of the money that he claims was in his wallet when he was arrested. But he must first seek compensation in state court for his alleged losses before he can bring a § 1983 claim based upon the Fifth Amendment's Takings Clause, *Daniels v. Area Plan Comm'n*, 306 F.3d 445, 453–54 (7th Cir.2002), and so the district court properly dismissed this claim. The district court also properly dismissed Mr. Wos' malicious prosecution claim because a malicious prosecution involves no violation of the Constitution and therefore such claims may be brought only under state law. *Penn v. Harris*, 296 F.3d 573, 576–77 (7th Cir.2002). Based upon our conclusion that Mr. Wos has failed to state any claim against deputies Farrinella and Reinhart, we need not consider the issue of whether the deputies were protected by qualified immunity.

Next we turn to Mr. Wos' claims against sheriff Sheahan. Mr. Wos admits in his appellate brief that he seeks to hold sheriff Sheahan liable only in his official capacity. Appellant's Br. at 25. Sheriff Sheahan would be liable to Mr. Wos in his official capacity only if (1) Mr. Wos' constitutional rights were violated, and (2) the violation was the result of an unlawful custom, policy, or practice of the sheriff's department. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir.2002). Mr. Wos identifies the unlawful policy as the sheriff's "turning a blind eye" while his deputies arrested him, searched his car, booked him, and maliciously prosecuted him. But as we discussed above, none of these acts violated Mr. Wos' rights. Because the deputies did not violate Mr. Wos' constitutional rights, he has no § 1983 official capacity claim against sheriff Sheahan.

Next, we examine Mr. Wos' § 1983 conspiracy claim against the deputies, the sheriff, and Leyden Towing. The amended complaint alleges that Leyden Towing towed and impounded his car as part of a conspiracy with the other defendants to take his property without just compensation. But as we discussed above, before Mr. Wos may bring a Takings Clause claim under § 1983, he must exhaust his state remedies. *Daniels*, 306 F.3d at 453–54. Therefore, the district court correctly dismissed this claim as well.

Finally, we note that Mr. Wos has not challenged on appeal the district court's decision to relinquish jurisdiction of his state law claims based upon its dismissal of his federal claims. Therefore, we do not address whether any of those counts stated a claim.

For the reasons stated above, we affirm the judgment of the district court.

AFFIRMED