**William RYBAK, Plaintiff–Appellant,**

v.

**LUXURY MOTORS, INC., et al.,
Defendants–Appellees.**

No. 03–1597.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 2003.*

Decided Oct. 31, 2003.

William Rybak, pro se, Oak Brook, IL, for Plaintiff–Appellant.

Bruce M. Friedman, Laser, Pokorny, Schwartz, Friedman & Economos, Chicago, IL, for Defendants–Appellees.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

A business dispute between William Rybak and his former employer, Luxury Motors, Inc., led to this *pro se* suit alleging, in an amended complaint, that the dealership and several individuals violated Rybak's civil rights and committed various state-law violations. The district court dismissed the suit over Rybak's motion for leave to amend, and Rybak appeals. We affirm.

Rybak's initial complaint, filed in November 2002, alleged a wide-ranging conspiracy among Luxury Motors, its principal owner and others associated with the business, and a DuPage County, Illinois, official. Rybak's claims, principally for racketeering but also asserting violations of the civil rights statutes and state law, recounted a saga of breached contracts, fraud, tax evasion, money laundering, assault, murder, and malicious prosecution dating back to 1996. Noting the length of the 32–page complaint and the difficulty of making out a racketeering claim, the court ordered Rybak to answer a series of questions about this theory. Rybak never responded to the questions but instead filed an even longer amended complaint that abandons RICO altogether and focuses on his civil rights and state-law claims. This new complaint prompted the district court to issue a memorandum alerting Rybak that his civil rights allegations seemed to be largely foreclosed by the applicable two-year statute of limitations, that the court intended to exercise its discretion to dismiss the supplemental claims, and that Rybak's complaint was in "gross violation" of the "short and plain statement" requirement of Fed.R.Civ.P. 8(a). The court then set the matter for a status hearing to determine what, if any, part of Rybak's case might go forward. Before the hearing, however, Rybak moved to dismiss his state claims and to amend his complaint again, acknowledging that it did not com-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ply with Rule 8. At the February 2003 hearing, the court granted Rybak's motion to dismiss his state claims but, after allowing Rybak to clarify that his civil rights claim was premised on a malicious prosecution, dismissed the complaint and denied leave to amend.

In this appeal Rybak challenges the district court's dismissal of his complaint, arguing that it states a claim under 42 U.S.C. § 1983. When seeking leave to amend, however, Rybak conceded that his amended complaint did not "fulfill the requirements" of Fed.R.Civ.P. 8. This rule requires "simple, concise, and direct" pleading of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) & (e). Rybak's amended complaint amounts to 42 pages and 8 "prayers for relief," none of which clearly traces a cause of action. Though its language is clear enough, its many irrelevancies and diversions make it the rare case where "length and complexity may doom a complaint by obfuscating the claim's essence." *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003). Because Rybak's complaint remained unwieldy and incomprehensible despite the opportunity to amend, dismissal was justified. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998).

Principally, however, Rybak challenges the district court's denial of leave to amend, maintaining that he was entitled to more leeway as a *pro se* litigant. We review the denial of leave to amend for abuse of discretion. *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir.2002). Although every amendment after the first requires leave from the court, leave should be liberally granted "when justice so requires." Fed.R.Civ.P. 15(a). Where a *pro se* complaint is involved, district courts should in fact "allow ample opportunity" to amend. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir.1996). But

district courts "do not have to engage in guessing games about proposed amendments," and may require a clear statement of their proposed content. *Doe v. Howe Military Sch.*, 227 F.3d 981, 989 (7th Cir. 2000). Here, Rybak did not submit a draft of his proposed amended complaint or even describe it with specificity, but merely alluded to a desire to make additional claims. Because the court had no clear indication of the content another amendment might produce, it was well within its discretion to deny Rybak's motion.

Further, as viewed through the lens of his opening brief to this court, Rybak's planned amendment would have been futile. Rybak sought to avenge the "malicious prosecution" brought against him, which he claims deprived him of his "human capital" without due process of law. However, as the district court observed, § 1983 does not allow an action for "malicious prosecution" based on due process violations alone. *Newsome v. McCabe*, 256 F.3d 747, 750–57 (7th Cir.2001) (Illinois state remedy precludes federal relief). To recover, a plaintiff must have been deprived of another specific constitutional right. *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir.2002). Therefore, allowing Rybak to amend to press his due process theory would have been fruitless. And although Rybak states in his reply brief that he "has discovered" that his prosecution might provide a basis for First Amendment and equal protection claims, the district court cannot be faulted for not considering arguments not placed before it. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir.2002) (amendment decision is based on record presented to the district court).

Accordingly, the district court was within its discretion in denying Rybak's motion

for leave to amend and dismissing the complaint, and we AFFIRM.