ROGERS, Circuit Judge,
concurring in part and dissenting in part.
While the court must take care to ensure that a constitutional issue is properly before it, Op. at 419, the court strains, in my view, to remand the record premised on a contorted reading of the district court’s opinion. Id. at 420-21. In addition, the court reaches the unfounded conclusion that PETA has forfeited any claim to nominal damages for the violation of its First Amendment rights, and ignores PETA’s claim for compensatory damages. Id. at 421. Because there is no occasion for a remand, I respectfully dissent to the remand in No. 03-7195.
The district court’s Memorandum Opinion and Order granting summary judgment to PETA found that the District of Columbia had violated PETA’s First Amendment rights; the district court found no other violation as a basis for granting judgment to PETA. In what this *426 court styles as “[t]he operative portion of the district court’s opinion,” the district court in awarding PETA judgment refers to PETA’s claim that “it should be awarded money damages for its loss of First Amendment rights,” and refers to its own monetary award as “$4,000 in damages.” Id. at 420 (quoting the district court). The district court’s language is precise — it awarded “damages,” and in an amount that is not nominal. While the district court also refers to “a refund” in recounting PETA’s argument, the district court’s reference is to “a refund, in essence,” suggesting an effort to quantify the amount of damages, and not, as the court speculates, to award a refund on a separate and nonexistent contract claim. See id. at 420. The qualified reference in recounting a party’s argument presents no basis to go behind the district court’s plain words.
In holding that the district court was empowered to grant a refund even though PETA did not specifically request a contract remedy, the court relies on Federal Rule of Civil Procedure 54(c), Op. at 421, which provides that “every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party’s pleadings.” However, Rule 54(c) does not provide that the court may award relief for a new, unstated claim. To the contrary, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to state “the claim showing that the pleader is entitled to relief,” Fed.R.Civ.P. 8(a)(2), see Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), and after judgment on the merits it is too late to inject a new contractual claim into the litigation. The court’s reliance on United States Naval Institute v. Charter Communications, Inc., 936 F.2d 692 (2d Cir.1991), Op. at 421, is misplaced, for the Second Circuit was determining the relief to which a party already had been deemed “entitled” to recover for a breach of contract, and mentioned Rule 54(c) only in that law-of-the-case context. U.S. Naval Inst., 936 F.2d at 696.
Additionally, the court’s conclusion that PETA forfeited its claim for nominal damages is unfounded. While the court purports to recognize the principle that PETA would be entitled to at least an award of nominal damages for the violation of its First Amendment rights, Op. at 421, the court avoids deciding whether this entitlement would prevent mootness, if the district court advises on remand that the $4,000 constitutes only a refund, by holding that PETA has forfeited such claim. Id. at 421. The court unreasonably concludes that PETA should-have recognized the contorted reading the court gives the district court’s award of “$4,000 in damages” and filed a cross-appeal for nominal damages. See id. The court points to PETA’s statement that if the case went to trial.it would.seek “damages greater than $4,000.” Id. But this statement evinces PETA’s view that the amount it would be awarded upon the grant of summary judgment would be damages, not a refund on a contract claim. PETA’s statement clearly is not an intentional and knowing waiver of a right, see, e.g., Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), but it also is not a forfeiture, which can arise only upon the “failure to make the timely assertion of a right.” United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 1776, 123 L.Ed.2d. 508 (1993).
PETA timely sought compensatory or, alternatively, nominal damages in the district court. PETA’s amended complaint, filed pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201-2002, requested “actual damages for the loss of its First Amendment rights *427 as it may prove at trial, or at a minimum nominal damages;” its motion for summary judgment sought “damages in the amount of $4,000 as compensation for [the First Amendment] violation.” Without notice that the award of “$4,000 in damages” might only be a refund, PETA cannot have forfeited its claim for compensatory or nominal damages when it did not cross-appeal. See Banks v. Horn, 271 F.3d 527, 534 (3d Cir.2001), rev’d on other grounds, Horn v. Banks, 536 U.S. 266, 122 S.Ct. 2147, 153 L.Ed.2d 301 (2002). No Federal Rule put PETA on notice that a cross-appeal for compensatory or nominal damages was necessary. Cf. Fed.R.Civ.P. 51(a) & (c); Penn. v. Harris, 296 F.3d 573, 577 (7th Cir.2002); Oliver v. Falla, 258 F.3d 1277, 1281-82 (11th Cir.2001); Alexander v. Riga, 208 F.3d 419, 429 (3d Cir.2000), cert. denied, 531 U.S. 1069, 121 S.Ct. 757, 148 L.Ed.2d 660 (2001). Rule 54(c), relied on by the court, Op. at 421, does not suggest that PETA’s requested relief for “damages in the amount of $4,000 as compensation” for violation of its First Amendment rights — to which the district court found PETA was “entitled” — can be ignored because PETA’s complaint also includes boilerplate language requesting such other relief as may be appropriate. See Op. at 421.
Under the circumstances, there was no reason for PETA to suppose that it had not been awarded compensatory damages, much less any damages, for the violation of its First Amendment rights, particularly as such supposition would impute legal error to the district court, and to cross-appeal for an award of compensatory or nominal damages. But even assuming a forfeiture of a claim for nominal damages, were the district court on remand to advise that its award to PETA of “$4,000 in damages” was, in fact; only a refund on a contractual claim, PETA’s claim for compensatory damages would remain. PETA’s constitutional claim, then, could not be dismissed on mootness grounds. Op. at 420 (citing Powell v. McCormack, 395 U.S. 486, 497-98, 89 S.Ct. 1944, 1951-52, 23 L.Ed.2d 491 (1969)). The reason for a remand thus evaporates.
I concur in the dismissal of the District of Columbia’s appeal in No. 03-7190 from the November 2003 memorandum opinion and order granting summary judgment. Id. at 425. While I concur in dismissing the appeal in No. 02-7106 from the order granting the preliminary injunction as moot, id. at 421, 425, I do so only to the extent that the court concludes PETA’s First Amendment claim is not an issue evading judicial review. Id. at 425.