In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3237

MICHAEL TULLY,

*Plaintiff-Appellant,*

*v.*

RUSH COUNTY PROSECUTOR
PAUL BARADA, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:08-cv-01243-LJM-DML—**Larry J. McKinney**, *Judge.*

ARGUED JANUARY 19, 2010—DECIDED MARCH 17, 2010

Before BAUER and WOOD, *Circuit Judges*, and KENNELLY, *District Judge.**

BAUER, *Circuit Judge.* Michael Tully sued Paul Barada and Catherine Custer under 42 U.S.C. § 1983, asserting that they violated his rights under the Fourth and Four-

* The Honorable Matthew F. Kennelly, United States District Court for the Northern District of Illinois, sitting by designation.

teenth Amendments by summoning him into court and initiating juvenile proceedings against him without probable cause. The district court dismissed Tully's case for failure to state a claim upon which relief can be granted. We affirm.

## I. BACKGROUND

Wayne Elwell was in his home, located about a football field's length from a county-road bridge in Rush County, Indiana, when he observed that near the bridge were the headlights of a vehicle and a separate spotlight. He heard a gunshot coming from that direction, so he called the Sheriff's Department. He heard a second shot, saw someone go into the ditch, and called the sheriff again.

Deputy Sheriff Randy Chandler chased down a vehicle that had passed him on the way to the bridge. In the vehicle were Michael Tully, his friend Brock Carfield, a spotlight, a .22-caliber rifle, and a dead raccoon. Chandler asked the boys whether they knew it was wrong to shoot from a roadway, and they responded yes.

Tully and Carfield were charged in the Rush County Juvenile Court for shooting on or across a public highway in violation of Indiana Code § 14-22-6-9, with a charging document prepared by prosecutor Paul Barada based on a report completed by probation officer Catherine Custer. The trial court found that the allegations against Tully were true, and adjudicated him to be a delinquent child. Indiana's appellate court reversed, finding insufficient evidence to support Tully's delinquency adjudica-

tion. *M.P.T. v. State*, 878 N.E.2d 542, 2007 WL 4555513, at *3 (Ind. App. Dec. 28, 2007).

Then Tully complained in the district court that Barada and Custer were liable under 42 U.S.C. § 1983 for violating his constitutional rights under the Fourth Amendment and the Fourteenth Amendment's Procedural Due Process Clause not to be summoned into court and prosecuted without probable cause. Barada and Custer each moved to dismiss. The district court granted the motions, finding that a court summons is not a "seizure" under the Fourth Amendment, and that there is "no constitutional right not to be prosecuted without probable cause." *Tully v. Barada*, 2009 WL 2447807, at *4 (S.D. Ind. Aug. 7, 2009) (quoting *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002)).

## II. DISCUSSION

We review de novo the district court's dismissal for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Tully states a claim only if he alleges enough facts to render the claim not just conceivable, but facially plausible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court has neither recognized nor foreclosed the possibility of plausibly asserting a right not to be prosecuted without probable cause under § 1983, either under the Fourth Amendment, *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) ("We have never explored the

contours of a Fourth Amendment malicious-prosecution suit under § 1983."), or the Fourteenth Amendment's Procedural Due Process Clause. *See Albright v. Oliver*, 510 U.S. 266, 316 (1996) (Stevens, J., dissenting) (finding that "in the aggregate, [the *Albright* Court's fractured] opinions do not reject [the notion that] the Due Process Clause of the Fourteenth Amendment constrains the power of state governments to accuse a citizen of an infamous crime.").

So the Courts of Appeals have taken "a range of approaches" on § 1983 malicious prosecution claims. *See Kato*, 549 U.S. at 390 n.2 (citing Martin A. Schwartz, 1 *Section 1983 Litigation* § 3.18[C], pp. 3-605 to 3-629 (4th ed. 2004)). Indeed, one reason the case law on this issue remains uncrystallized among the Courts of Appeals is that we infrequently need to decide whether plaintiffs can assert a right not to be prosecuted without probable cause under § 1983, because prosecutors (and probation officers engaging in prosecutorial functions) usually render the question moot by taking the simpler avenue of claiming absolute immunity. *See, e.g., Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) (finding absolute immunity affordable to a prosecutor's "determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and the motion to the court"); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution, . . . the prosecutor is immune from a civil suit for damages under § 1983."); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("[A]bsolute immunity shields prosecutors even if they act . . . without

probable cause.") (internal quotation omitted); *Copus v. City of Edgerton*, 151 F.3d 646, 649-50 (7th Cir. 1998) (finding that a probation officer enjoys absolute immunity for engaging in prosecutorial functions).

But the defendants waived their absolute-immunity defense by failing to raise it in the district court. *See Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989), *rev'd on other grounds*, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993).

They also waived the argument that, because Tully's complaint showed probable cause on its face, it could not plausibly assert prosecution without probable cause. (The complaint recited the report of a gunshot, the sheriff finding Tully and his companion in the area, that they had the gun and the dead racoon, and that they responded yes when the sheriff asked whether they knew it was illegal to shoot from the road. *Cf. United States v. Arvizu*, 534 U.S. 266, 274 (2002) (describing probable cause as less likely than by a preponderance of the evidence)). Custer made this argument in the district court, Custer's Answer to Compl. at 6, ¶ 9 ("As to claims for malicious prosecution, they are barred by . . . the existence of probable cause."), but not on appeal, and Barada raised it on appeal, Appellee Barada's Br. at 5 ("[T]he facts he did allege shows there was probable cause for the delinquency charges."), but not in the district court. Only if a party raises an argument both here and in the district court may we use it as an alternate means to affirm the district court's granting of a motion to dismiss. *See, e.g., Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.*, 547

F.3d 882, 889 n.3 (7th Cir. 2008) ("Arguments not raised before the district court are waived on appeal."); *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009) ("[A]rguments not raised on appeal are waived.").

Nor can the defendants avoid waiver of the probable-cause affirmative defense by characterizing it as jurisdictional under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See Int'l Union Pac. of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009) (finding that arguments that the court lacks jurisdiction are not waivable). The *Rooker-Feldman* doctrine denies federal jurisdiction to plaintiffs seeking to set aside a state court's judgment. But Tully does not seek to set aside the state court's judgment that probable cause of his guilt existed. Instead, he presents an "independent claim, albeit one that denies [the state court's] legal conclusion," and so another possible defense here was not a lack of jurisdiction, but rather res judicata, *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993), an argument that the defendants also waived by failing to raise.

In sum, Tully has managed to overcome the affirmative defenses of absolute immunity, the existence of probable cause, and res judicata, because the defendants waived them all. So we must reach the merits of the issue to which the parties devote their arguments, which is whether a plaintiff may assert a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Four-

teenth Amendment's Procedural Due Process Clause. The answer is no, as we held in *Bielanski v. County of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) ("[A] summons alone does not equal a seizure for Fourth Amendment purposes. . . . [A] false accusation is not a seizure."), and *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) ("[T]here is no 'constitutional right not to be prosecuted without probable cause.'") (quoting *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)).

Our holding should not be misconstrued to deny any rights to parties whom prosecutors or other officials falsely accuse by way of fabricating evidence, withholding exculpatory evidence, tampering with witnesses, or committing any other independent constitutional violation, none of which Tully alleged in his complaint. Nor should it be misconstrued to deny any rights to parties unlike Tully who have been wrongfully jailed or imprisoned. These are different types of malicious prosecution claims. *See* Schwartz, 1 *Section 1983 Litigation* § 3.18[a], p. 3-596.2 (2008 Supplement) ("It is not particularly helpful to characterize the plaintiff's claim as a § 1983 malicious prosecution claim. In every § 1983 constitutional case, the plaintiff must identify the precise constitutional right or rights relied upon."). We hold only that a plaintiff cannot initiate a § 1983 claim asserting only that he was summoned and prosecuted without probable cause.

Having found that this particular type of "malicious prosecution" claim is untenable in federal courts—given that Tully alleged no facts to imply malice, his claim might be characterized more aptly as one for "negligent prosecution," *see Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*,

*Inc.*, 498 U.S. 533, 567 (1991) (Kennedy, J., dissenting); *Campbell v. City of San Antonio*, 43 F.3d 973, 981 (5th Cir. 1995); *Jeffers v. Heavrin*, 10 F.3d 380, 382 n.2 (6th Cir. 1993)—we need not decide whether Indiana provides Tully an adequate post-deprivation remedy despite that it also recognizes an affirmative immunity defense for governmental actors acting within the scope of their employment. *See Newsome*, 256 F.3d at 750 ("[T]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution."); *cf. Belcher v. Norton*, 497 F.3d 742, 754 (7th Cir. 2007) (finding that common law immunity deprives plaintiffs "of any meaningful avenue to seek redress" in state court for deprivation of property rights).

We find that Tully was not seized within the meaning of the Fourth Amendment merely by being summoned to appear in court, and that he received procedural due process under the Fourteenth Amendment when the state court system vindicated him. To the extent any harm to his reputation remains, his recourse is to expunge the juvenile court's records. *See* Indiana Code §§ 31-39-8-1 et seq.

## III.  CONCLUSION

The district court properly found that a § 1983 claim cannot lie for a mere court summons and prosecution without probable cause. Therefore, its grant of the defendants' motion to dismiss is AFFIRMED.