In the

# United States Court of Appeals

### For the Seventh Circuit

No. 13-1058

CHRISTIAN SERINO,

*Plaintiff-Appellant,*

*v.*

ALEC HENSLEY AND CITY OF OAKLAND CITY, INDIANA,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:12-cv-40-RLY-WGH — **Richard L. Young**, *Chief Judge*.

ARGUED SEPTEMBER 25, 2013 — DECIDED NOVEMBER 4, 2013

Before WOOD, *Chief Judge*, and FLAUM and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. In September 2008, Oakland City Chief of Police Alec Hensley arrested Christian Serino for trespass and resisting law enforcement. The charges were eventually dropped. In March 2012, Serino filed suit against Hensley and Oakland City in federal district court. He alleged that Hensley violated his constitutional rights and committed multiple state-law torts. The district court dis-

missed each of Serino's federal and state claims at the Rule 12(b)(6) stage. We now affirm.

## I. Background

In reviewing a motion to dismiss, we accept the facts of the plaintiff's complaint as true. *Parish v. City of Elkhart*, 614 F.3d 677, 678 n.1 (7th Cir. 2010). Serino alleged the following: in 2008, he was employed as a soccer coach at Oakland City University in Oakland City, Indiana. On September 11, 2008, the university's Vice President of Administration and Finance informed Serino that he was suspended from his position. The Vice President then contacted Alec Hensley, the Chief of Police of the Oakland City Police Department, and told him to come to the university's Tichenor Athletic Center to speak to Serino. Hensley complied. He confronted Serino and told him that he was trespassing "since [Serino] refused to leave the premises." Hensley then arrested Serino for trespass.

On September 15, 2008, Serino was arraigned on charges of trespass and resisting law enforcement. The state ultimately dismissed both charges: the former on April 3, 2009, and the latter on March 31, 2010. Until that time, Serino "was forced to defend the frivolous and malicious criminal charges waged against him upon the false and misleading recommendations of the defendants."

On March 28, 2012, Serino brought an action in federal district court against Hensley and Oakland City. He alleged two § 1983 claims: false arrest in violation of the Fourth Amendment, and malicious prosecution in violation of the Fourteenth Amendment. He also included Indiana tort claims for false arrest, malicious prosecution, and intentional

infliction of emotional distress. The defendants moved to dismiss Serino's complaint under Federal Rule of Civil Procedure 12(b)(6), and the district court granted their motion. The court found that Serino's § 1983 and state-law false arrest claims were time-barred; that his § 1983 malicious prosecution claim was not cognizable as a constitutional claim; and that his state-law claims for malicious prosecution and IIED were barred by the defendants' immunity under the Indiana Tort Claims Act. Serino now appeals.

## II. Discussion

We review a Rule 12(b)(6) dismissal de novo. *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). We may affirm the district court's decision on any ground contained in the record. *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).

### A. Federal and State False Arrest Claims

First, the district court dismissed Serino's § 1983 and state-law claims for false arrest[1] as time-barred. We agree.

#### 1. § 1983 False Arrest

To begin with the federal claim: in § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). In Indiana, such claims must be brought within two years. Ind. Code § 34-11-2-4. But federal law determines when that statute begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

---

[1] At times, Serino's complaint alleges both false arrest and false imprisonment. But as "false arrest and false imprisonment overlap," *Wallace v. Kato*, 549 U.S. 384, 389 (2007), we will use the shorthand "false arrest."

The general rule is that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hondo*, 21 F.3d at 778. There is a specific rule, however, for false arrest claims. The Supreme Court held that for these claims, the action begins to run "at the time the claimant becomes detained pursuant to legal process"—that is, when the arrestee is bound over by a magistrate or arraigned on charges. *Wallace*, 549 U.S. at 397; *accord City of Elkhart*, 614 F.3d at 682. Thus, Serino needed to bring his false arrest claim by September 15, 2010—two years after his arraignment. He did not file his complaint until March 28, 2012. His claim is time-barred.

Serino argues that the statute did not begin to run until March 31, 2010, the day the state dropped his second criminal charge. He invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a § 1983 claim based on an unconstitutional conviction does not accrue until the conviction has been invalidated. *Id.* at 489–90. Serino's theory is that the *Heck* rule operated to delay the accrual of his false arrest claim—a claim that could imply that the charges against him were meritless—until there was no longer a pending state criminal proceeding. But this argument is a non-starter, because *Heck* relied on the principle "that civil tort actions," as opposed to habeas corpus petitions, "are not appropriate vehicles for challenging the validity of *outstanding criminal judgments*." *Id.* at 486 (emphasis added). And in *Wallace*, the Supreme Court explicitly clarified that "the *Heck* rule for deferred accrual is called into play only when there exists a 'conviction or sentence that has not been … invalidated,' that is to say, an 'an outstanding criminal judgment.'" 549 U.S. at 393 (emphasis omitted). Here, as in *Wallace*, Serino was never convicted. As such, at the time Se-

rino's false arrest claim began to accrue, "there was in existence no criminal conviction that the cause of action would impugn." *Id. Heck* cannot help Serino here.

### 2. State-Law False Arrest

Indiana's two-year statute of limitations also bars Serino's state false arrest claim. In reviewing a state tort claim, we apply Indiana law regarding the applicable limitations period and when the claim accrues. *City of Elkhart*, 614 F.3d at 679. Conveniently, Indiana has embraced the *Wallace* rule for false arrest claims. The Indiana Court of Appeals held that the statute begins to run when the alleged false imprisonment ends—i.e., the time of arraignment. *See Johnson v. Blackwell*, 885 N.E.2d 25, 31 (Ind. Ct. App. 2008);[2] *City of Elkhart*, 614 F.3d at 682 (explaining the same). Again, Serino filed his complaint well over two years after his arraignment. His false arrest claim is untimely.

Serino tries to avoid this result by appealing to the continuing wrong doctrine. Indiana courts will apply the doctrine "where an entire course of conduct combines to produce an injury"—in other words, when the defendant carries out a continuing wrongful act. *Johnson*, 885 N.E.2d at 31. But, as discussed above, Hensley's "entire course of conduct" giving rise to Serino's false arrest claim necessarily conclud-

_____

[2] When a state supreme court has not ruled on an issue of state law, we look to decisions of the state appellate court "unless there are persuasive indications that the state supreme court would decide the issue differently." *Much v. Pac. Mut. Life Ins. Co.*, 266 F.3d 637, 643 (7th Cir. 2001). We have previously found *Johnson v. Blackwell* to be "persuasive authority on the approach the [Indiana] high court would take." *City of Elkhart*, 614 F.3d at 680 n.3.

ed once Serino was held pursuant to legal process. *See id.* at 30. Serino claims that he experienced emotional distress after that point, but this only goes toward the issue of his damages. Serino was aware of the facts surrounding his wrongful arrest as soon as he was arrested and charged; he did not need to wait until the charges were dismissed to establish the elements of his claim. *See id.* at 31 ("[T]he doctrine of continuing wrong does not prevent the statute of limitations from beginning to run when the plaintiff learns of facts that should lead to the discovery of his cause of action, even if his relationship with the tortfeasor continues beyond that point.").

As such, we affirm the district court's dismissal of both the federal and state false arrest claims.

### B. § 1983 Malicious Prosecution

Next, Serino alleged a § 1983 claim for malicious prosecution in violation of the Fourteenth Amendment. The district court found that Serino did not present a cognizable constitutional claim. We agree, although our reasoning differs.

First, we should note: although Serino is appealing the entirety of the district court's dismissal, his brief fails to respond specifically to the court's grounds for dismissing his § 1983 malicious prosecution claim. That is, he makes no arguments that his malicious prosecution claim is, in fact, cognizable as a § 1983 action—he discusses only whether his federal and state claims are time-barred. As such, Serino has likely waived this argument entirely. *See O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009). But as we ultimately find the district court's decision correct in any event, we will review the merits.

We begin by re-emphasizing that "[f]ederal courts are rarely the appropriate forum for malicious prosecution claims." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). This is because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *Id.* (internal quotation marks omitted). Instead, we usually analyze these self-styled "malicious prosecution" claims as alleging a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause. *See Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) ("[I]f a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.'").

However, the Supreme Court's fractured opinion in *Albright v. Oliver* left open the possibility that a plaintiff could state the equivalent of a common-law malicious prosecution claim as a claim of a violation of the Due Process Clause—that is, a claim that a state actor deprived the plaintiff of liberty or property without due process of law. *See* 510 U.S. 266, 283–84 (1994) (Kennedy, J., concurring in the judgment); *Newsome*, 256 F.3d at 750–51. But because we are concerned only with due process in these circumstances, the existence of an adequate *state* remedy for the plaintiff's injury eliminates the need for federal intervention via § 1983. *See Albright,* 510 U.S. at 285–86 (invoking *Parratt v. Taylor*, 451 U.S. 527 (1981)); *Newsome*, 256 F.3d at 750–51.[3] Thus, we held in

---

[3] The *Parratt* theory, in short, is that when a state officer commits an unauthorized act (like Hensley, allegedly) "that the state could not as a

(continued…)

*Newsome* that the existence of a malicious prosecution cause of action under state law "*knocks out* any constitutional tort of malicious prosecution, because, when a state-law remedy exists … due process of law is afforded by the opportunity to pursue a claim in state court." 256 F.3d at 751.

Applying *Newsome*, the district court found that Indiana courts recognize a cause of action for malicious prosecution. *See City of New Haven v. Reichart*, 748 N.E.2d 374, 378 (Ind. 2001). Because the state of Indiana already affords Serino a remedy for his injury, the district court reasoned, the Due Process Clause is satisfied and Serino has no constitutional claim.

Unfortunately, the district court's order issued before our court's opinion in *Julian v. Hanna*, No. 13-1203 (7th Cir. Oct. 21, 2013), which held that Indiana state law does *not* provide an adequate remedy for malicious prosecution. *Julian*, slip op. at 9. This is because the Indiana Tort Claims Act grants broad immunity to Indiana government units and employees from malicious prosecution actions. *See* Ind. Code § 34-13-3-3(6) (a government entity or employee acting within the scope of her employment is not liable for losses resulting from "[t]he initiation of a judicial or an administrative proceeding"). And the state-law tort of false arrest—which is not barred by immunity—is no substitute because (as discussed above) false arrest can only provide relief for the

---

(continued…)

practical matter have prevented by requiring a hearing in advance of the act," the state can nonetheless do "the next best thing and provides a hearing afterward"—and "that is all due process requires." *Mahoney v. Kersery*, 976 F.2d 1054, 1061 (7th Cir. 1992).

harm the plaintiff suffers up to the point when he receives legal process. *Julian*, slip op. at 6–8.

So we cannot affirm the district court's dismissal of Serino's malicious prosecution claim on the ground that Indiana already provides a remedy for his harm. But Serino's claim fails for a more basic reason: he has not stated a constitutional violation independent of the alleged wrongful arrest.

Remember, there is no such thing as a constitutional right not to be prosecuted without probable cause. Thus, Serino must allege something else that does amount to a constitutional violation (even if he calls it malicious prosecution). The complaint alleges that Serino "committed no crime, was unarmed, and did not pose a threat of death or grievous bodily injury to said defendants or others," but that Hensley nonetheless arrested him. This is a claim for false arrest. *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) ("The Fourth Amendment, not the due process clause, is the proper basis for challenging the lawfulness of an arrest."); *see also Albright*, 510 U.S. at 273 (plurality opinion) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment … must be the guide for analyzing these claims." (internal quotation marks omitted)); *id.* at 281 (Kennedy, J., concurring in the judgment) (agreeing that "an allegation of arrest without probable cause must be analyzed under the Fourth Amendment without reference to more general considerations of due process"). And because Serino's was a warrantless arrest, it cannot serve as the basis for a malicious prosecution action. Malicious prosecution provides a remedy for a deprivation of liberty *pursuant to*

*legal process*, *Heck*, 512 U.S. at 484—but when the arrest takes place without a warrant, the plaintiff only becomes subject to legal process afterward, at the time of arraignment. *Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001); *accord Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004). As such, we have previously rejected § 1983 plaintiffs' attempts to recast a Fourth Amendment false arrest claim as a Fourteenth Amendment due process claim to circumvent the statute of limitations applicable to the former. *See, e.g.*, *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996); *Newsome*, 256 F.3d at 751; *Alexander*, 692 F.3d at 556–58.

To be fair, Serino's complaint also includes the allegation that Hensley made "false and misleading recommendations" that led to Serino's "malicious" charges. But Serino does not allege that Hensley's recommendations were *knowingly* false, that he withheld exculpatory evidence from the prosecutor, or that he took steps to wrongfully further what he knew was a baseless prosecution. *See Reed*, 77 F.3d at 1053 (indicating that such elements could state a claim for malicious prosecution against a police officer who causes charges to go forward); *Tully*, 599 F.3d at 595 (finding no malicious prosecution claim under § 1983 where the plaintiff asserted that the prosecuting officials lacked probable cause but "alleged no facts to imply malice"). Nor does Serino's allegation that Hensley's conduct "was done with actual malice toward [Serino]" establish a due process violation in and of itself. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."). Thus, "[a]t bottom, we have an allegation that the defendants lacked

probable cause to arrest [Serino] and charge him … . That is a claim for wrongful arrest." *Reed*, 77 F.3d at 1053.

Even if we were inclined to fill in the complaint's blanks and suppose that Hensley did lie to the prosecutor to get Serino charged, Serino has not set out facts to establish that Hensley's actions deprived Serino of *liberty* or *property* without due process of law. As discussed above, his warrantless arrest does not count—Serino must allege that the predicate deprivation occurred after he was arraigned. Yet he fails to state any kind of post-arraignment liberty deprivation. For instance, he does not allege that he was held without bail, or even that the state imposed a travel restriction. *See Alexander*, 692 F.3d at 557 (no liberty deprivation where the plaintiff was released on bond and never convicted); *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (finding that some pretrial restrictions can constitute a liberty deprivation). Nor can Serino establish a liberty violation solely on his having to "defend" (his term) against the charges before they were dismissed. *Cf. Alexander*, 692 F.3d at 557 n.2; *Mahoney v. Kesery*, 976 F.2d 1054, 1060 (7th Cir. 1992). We suppose it is possible (as Justice Kennedy assumed *arguendo* in *Albright*) that the Due Process Clause protects "interests granted historical protection by the common law of torts," such as one's reputation or finances. *See Albright*, 510 U.S. at 283–84. But even putting aside the Supreme Court's admonition that "stigma," standing alone, cannot constitute a deprivation of liberty "protected by the procedural guarantees of the Fourteenth Amendment," *see Paul v. Davis*, 424 U.S. 693, 701 (1976), Serino never alleges reputational, emotional, or financial harms stemming from the *charges*; his complaint mentions only reputational and emotional harms stemming from the arrest. And Justice Kennedy's *Albright* concurrence

only concerned a scenario where the charges, and not the arrest, gave rise to the plaintiff's injury. *See Albright*, 510 U.S. at 281 ("I write because [the plaintiff's] due process claim concerns not his arrest but instead the malicious initiation of a baseless criminal prosecution against him.").

Accordingly, we affirm the district court's dismissal of Serino's § 1983 malicious prosecution claim—but on the ground that Serino failed to state a constitutional violation independent of his time-barred false arrest claim.[4]

## C. State-Law Malicious Prosecution and Intentional Infliction of Emotional Distress

We now turn to Hensley's state-law malicious prosecution and IIED claims.[5] Exercising its supplemental jurisdiction, the district court dismissed both on grounds of Hensley's immunity under the ITCA. Once again, we affirm.

---

[4] Serino seems to claim that Oakland City itself took part in the false arrest and malicious prosecution. *See* Complaint, ¶ 20. But Serino does not allege any actions by the city that would establish a constitutional violation. And of course, the city cannot be liable in a § 1983 action under a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).

[5] As we interpret Serino's complaint, he asserts that Hensley is directly liable for his state malicious prosecution and IIED claims, and then holds the city vicariously liable as well. Complaint, Counts VII, VIII, and VIII [sic]. Although Serino lists both Hensley and the city as direct defendants in his IIED claim, he makes allegations concerning Hensley's actions only—so we assume he is proceeding under a respondeat superior theory. Complaint, ¶¶ 46–48.

As discussed above, Indiana recognizes the tort of malicious prosecution where the plaintiff "has been improperly subjected to legal process." *City of New Haven*, 748 N.E.2d at 378. But the ITCA shields government employees and entities from these claims: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from … [t]he initiation of a judicial or administrative proceeding." Ind. Code § 34-13-3-3(6); *see also Butt v. McEvoy*, 669 N.E.2d 1015, 1017-18 (Ind. Ct. App. 1996) (applying § 34-13-3-3(6)'s predecessor provision to bar a malicious prosecution suit against a police officer).

Serino's IIED claim fares no better. To establish IIED under Indiana law, Serino would have to show that Hensley, by extreme or outrageous conduct, intentionally or recklessly caused him severe emotional distress. *See Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). The ITCA shields a government employee from liability, however, if the employee is acting within the scope of his employment and such liability "results from … [t]he adoption and enforcement of or failure to adopt or enforce … a law … unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8). The Indiana Court of Appeals has interpreted this provision to cover police officers who engage in allegedly egregious conduct while undertaking an arrest. *See City of Anderson v. Weatherford*, 714 N.E.2d 181, 185–86 (Ind. Ct. App. 1999) (officers who "blatantly disregarded" their supervisor's instructions and department procedure in arresting plaintiff were nonetheless immune from IIED liability).

Serino does not contest that the ITCA applies here.[6] Moreover, he himself asserts that Hensley was acting within the scope of his employment at all times. As such, we have no trouble concluding that Serino's state-law malicious prosecution and IIED claims are barred on immunity grounds.[7]

### III. Conclusion

We AFFIRM the judgment of the district court.

---

[6] Again, although he is supposedly appealing the entirety of the district court's dismissal, Serino's brief before this Court discusses only whether his claims are time-barred.

[7] As there are no underlying claims against Hensley remaining, Serino's respondeat superior claims against the city fall away as well. *See Miller v. City of Anderson*, 777 N.E.2d 1100, 1105 n.1 (Ind. Ct. App. 2002).