In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3336

MARSHALL G. WELTON,

*Plaintiff-Appellant,*

*v.*

SHANI J. ANDERSON, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-00355— **Jane E. Magnus-Stinson**, *Judge.*

ARGUED SEPTEMBER 11, 2014 — DECIDED OCTOBER 28, 2014

Before BAUER, MANION, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Marshall Welton ("Welton") sued
police officer Shani Anderson, the National Bank of Indianapo-
lis, and George Keely (collectively the "Appellees") under 42
U.S.C. § 1983, claiming that they engaged in a malicious
prosecution against him in violation of the Fourth and Four-
teenth Amendments and Indiana state law. Appellees moved
to dismiss Welton's federal claims pursuant to Federal Rule of
Civil Procedure 12(b)(6). The district court granted Appellees'

motion and, after declining to exercise supplemental jurisdiction over Welton's remaining state law claims, dismissed the suit. Welton challenges this ruling on appeal, asserting his claims were improperly dismissed. For the reasons that follow, we affirm the district court's dismissal.

## I. BACKGROUND

On review of this dismissal, we accept the facts of the plaintiff's complaint as true and draw all inferences in favor of the plaintiff. *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Welton is an Indiana businessman engaged in buying, selling, and renting residential real estate. To facilitate his real estate business, Welton maintained a line of credit with the National Bank of Indianapolis ("NBI"), which was collateralized with Welton's real estate holdings. From 1994 through 2001, NBI renewed Welton's line of credit annually.

In March 2002, NBI declined to extend Welton's line of credit. Instead, NBI reduced the line of credit to the balance owed and gave Welton ninety days to pay off the account. Initially, Welton was unable to make the payments, but by 2006 he reached an agreement with NBI to pay off his debt. Pursuant to the agreement, Welton sent monthly checks to NBI. Those checks were never cashed, however. In 2007, after realizing the monthly checks remained uncashed, Welton sent NBI a certified check in the amount of the uncashed checks.

Following these transactions, George Keely ("Keely"), NBI's Vice President of Loan Administration, contacted Officer Shani Anderson ("Officer Anderson") of the Indianapolis Metropoli-

tan Police Department in an effort to initiate a criminal investigation against Welton. After meeting with Keely, Officer Anderson submitted an affidavit in support of probable cause charging Welton with two felonies: theft and fraud on a financial institution; Welton was arrested, processed, and released on his own recognizance pending trial. After a trial on March 3, 2011, Welton was found not guilty of both crimes.

On March 4, 2013, Welton filed suit in federal court under 42 U.S.C. § 1983, claiming that several of Officer Anderson's statements were knowingly false and that Keely provided many of the false statements to Officer Anderson. Specifically, he complained their actions resulted in a malicious prosecution and denied him his rights under the Fourth and Fourteenth Amendments. In addition to these constitutional violations, Welton complained that Keely's and NBI's actions constituted malicious prosecution under Indiana law. Officer Anderson, Keely, and NBI moved to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motions, holding that Welton's Fourth Amendment malicious prosecution claim was foreclosed by this circuit's precedent. The district court also held Welton's Fourteenth Amendment claim must fail because there is no constitutional right not to be prosecuted without probable cause and because his bare allegations of "fundamental unfairness" were insufficient to implicate the Due Process Clause. After dismissing Welton's federal claims, the district court declined to exercise supplemental jurisdiction over the remaining state law claims.

## II.  DISCUSSION

On appeal, Welton argues that the district court improperly dismissed his claims because his complaint states viable claims under the Fourteenth Amendment's Due Process Clause and under the Fourth Amendment. We review *de novo* the district court's dismissal for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A claimant properly states a claim when he alleges enough facts to render the claim not just conceivable, but facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We may affirm the district court's decision on any ground contained in the record. *Serino*, 735 F.3d at 590.

### A.  Malicious Prosecution in Violation of the Fourteenth Amendment

As an initial matter, "[f]ederal courts are rarely the appropriate forum for malicious prosecution claims." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). This is because "individuals do not have a 'federal right not to be summoned into court and prosecuted without probable cause.'" *Id*. (citing *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010)).  Rather, to state a viable malicious prosecution claim under § 1983, a plaintiff must "alleg[e] a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Serino*, 735 F.3d at 592 (citing *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)). The absence of such a constitutional violation in Welton's complaint is fatal to his claim.

Indeed, Welton's claim fails for many of the same reasons we discussed in *Serino*. In *Serino*, a case decided after the district court's decision in the instant case, we considered whether the plaintiff, Serino, presented a cognizable § 1983 malicious prosecution claim. *Id*. at 592–95. Serino claimed that his arresting officer, Hensley, made "'false and misleading recommendations' that led to Serino's 'malicious' charges," but failed to "allege that Hensley's recommendations were knowingly false, or that he withheld exculpatory evidence from the prosecutor, or that he took steps to wrongfully further what he knew was a baseless prosecution." *Id*. at 594 (emphasis omitted). Without a constitutional deprivation supporting his claim, the court concluded that Serino was left with a wrongful arrest claim, not a due process violation. *Id*. Because Serino failed to state a predicate deprivation for his Fourteenth Amendment malicious prosecution claim, the court held that Serino's claim failed for a "basic reason: he ha[d] not stated a constitutional violation independent of the alleged wrongful arrest." *Id*. at 593.

Although malicious prosecution claims from Indiana may be heard in federal court after our decision in *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013),[1] Welton's malicious prosecution claim still fails for the same "basic reason" as in *Serino*: Welton failed to state a predicate constitutional violation in support of his malicious prosecution claim. *Serino*, 735 F.3d at 593. Section 1983 requires an allegation of infringement of a specific

---

[1] After the district court issued its order, we held in *Julian* that Indiana state law does *not* provide an adequate remedy for malicious prosecution, thus opening the door to federal claims. *Julian*, 732 F.3d at 846–48.

constitutional right as a prerequisite to claims brought under a constitutional provision. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("[I]t is necessary to isolate the precise constitutional violation with which [the defendant] is charged … . The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right secured by the Constitution and laws.") (internal citations omitted). *See also Reichenberger v. Pritchard*, 660 F.2d 280, 284–85 (7th Cir. 1981) ("The first inquiry in any [§] 1983 suit is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States."). Malicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment. *Serino*, 735 F.3d at 593–95 (requiring viable constitutional violation in support of malicious prosecution claim). It must also be based on a separate deprivation of a constitutional right. *Id*. Welton states no additional constitutional deprivation supporting his malicious prosecution claim. He only alleges that Officer Anderson prosecuted him without probable cause, but "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Id*. at 593.

Even if we were to fill in the blanks of Welton's complaint and find a properly pleaded constitutional violation, he still fails to demonstrate the requisite malice. To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be insti-

tuted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (internal citations omitted). Malice may be shown "by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Id.*

While Welton contends in his complaint that Officer Anderson "intentionally" presented false facts, he offers no facts purporting to show malice. Instead, he merely concludes that Officer Anderson's behavior was malicious and that the result of her conduct was a prosecution without probable cause. Such conclusory allegations, without more, are insufficient to state a claim. *See Ray*, 629 F.3d at 662 ("[W]e need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.") (internal citations omitted). *See also Tully*, 599 F.3d at 595 (finding no cognizable malicious prosecution claim where plaintiff "alleged no facts to imply malice"). Absent facts demonstrating the requisite malice element, Welton's claim fails.

Finally, to the extent Welton argues that the criminal proceeding against him was "fundamentally unfair" in violation of the Due Process Clause, he again fails to state a claim. Welton was acquitted of the charges against him following trial; there is no evidence that he received anything other than procedural due process. *See Tully*, 599 F.3d at 595

("[H]e received procedural due process under the Fourteenth Amendment when the state court system vindicated him.").

Just as in *Serino*, the crux of Welton's claim is that he was prosecuted without probable cause, but it is well-settled that there is no "constitutional right not to be prosecuted without probable cause." *Serino*, 735 F.3d at 593; *see also Tully*, 599 F.3d at 594 (finding no federal right not to be prosecuted without probable cause); *Newsome*, 256 F.3d at 751 (acknowledging there is no constitutional right not to be prosecuted without probable cause). Therefore, his malicious prosecution claim under the Fourteenth Amendment must fail because he has not stated a predicate constitutional violation.

### B. Malicious Prosecution in Violation of the Fourth Amendment

Welton also asks the court to reverse the district court's dismissal on the ground that he stated an independent malicious prosecution claim under the Fourth Amendment. In effect, Welton asks the court to expand actionable Fourth Amendment claims beyond the point of arraignment under the concept of "continuing seizure," which he acknowledges could only be accomplished by departing from our existing precedent.

To state a Fourth Amendment claim, a plaintiff must allege that the defendant's conduct constituted a seizure and that the seizure was unreasonable. *Bielanski*, 550 F.3d at 637. The scope of a Fourth Amendment claim is typically limited up to the point of arraignment. *Id.* at 638. Justice Ginsburg's concurrence in *Albright v. Oliver*, 510 U.S. 266, 279 (1994) (Ginsburg, J., concurring), however, urged an expanded scope under which

a defendant would be considered seized "so long as he is bound to appear in court and answer the state's charges," whether through summons or arrest. This position did not garner support from a majority of the Court, however, and is not law this circuit is required to follow. *See Hertz v. Woodman*, 218 U.S. 205, 213–14 (1910) (explaining "the principles of law involved not having been agreed upon by a majority of the court sitting prevents the case from becoming an authority for the determination of other cases").

We have repeatedly rejected the concept of "continuing seizure" in the Fourth Amendment context, a fact which Welton conceded both before the district court and on appeal. *See Bielanski*, 550 F.3d at 638 ("[W]e have repeatedly rejected the concept of a continuing seizure in the Fourth Amendment context."); *Wallace v. City of Chicago*, 440 F.3d 421, 429 (7th Cir. 2006) ("[W]e have already rejected a 'continuing seizure' theory in the Fourth Amendment context."); *Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004) (rejecting a claim for wrongful prosecution under a Fourth Amendment continuing seizure approach). "We require a compelling reason to overturn circuit precedent," but Welton presents none. *United States v. Lara-Unzueta*, 735 F.3d 954, 961 (7th Cir. 2014) (quoting *Nunez-Moron v. Holder*, 702 F.3d 353, 357 (7th Cir. 2012)) (internal quotation marks omitted). In light of our precedent, Welton's Fourth Amendment claim cannot stand. Welton's "seizure" ended when the prosecution began, thus a Fourth Amendment claim based on conduct after that point is necessarily foreclosed.

Moreover, even supposing we were to consider a broader scope for Fourth Amendment claims, the facts in the instant

case are a poor fit for the continuing seizure approach because Welton's freedom of movement restrictions do not rise to the level of a seizure. In fact, Welton presents no facts suggesting a restriction on his freedom of movement. Instead, he states he was arrested, processed, released on his own recognizance, and eventually criminally prosecuted. At best, these are *de minimis* restrictions. *See Karam v. City of Burbank*, 352 F.3d 1188, 1193–94 (9th Cir. 2003) (signing of own recognizance agreement which obligated woman to obtain court's permission before leaving state and which compelled her appearance in court amounted to *de minimis* restrictions not constituting a Fourth Amendment seizure).

### III. CONCLUSION

Dismissal was appropriate because Welton never presented a viable constitutional violation in support of his § 1983 malicious prosecution claim. Therefore, the district court's grant of the defendants' motions to dismiss is AFFIRMED.