NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 29, 2015[*]
Decided November 2, 2015

### Before

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 15-1281 <br><br> ULYSSES SCOTT, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> CITY OF CHICAGO, *et al.,* <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 14 C 6657 <br> Charles P. Kocoras, *Judge.* |

### Order

Ulysses Scott contends in this suit under 42 U.S.C. §1983 that Chicago's police officers violated his rights by stopping his car, arresting him without probable cause, searching his car, and ransacking his business, destroying some items and stealing others (and stealing his personal effects as well). Scott was held for 16 days (beginning February 1, 2012) before being released on bond. He was charged with drug and firearm crimes but

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

asserts, without contradiction from the defendants, that he was acquitted at a trial in June 2014.

The problem in Scott's case, the district judge held when dismissing it, lies in its timing. It was filed in August 2014, though all of the material events occurred in February 2012, more than two years earlier. The statute of limitations for §1983 litigation in Illinois is two years. *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). Claims for wrongful search or wrongful deprivation of property accrue at the time of the search or seizure, and for wrongful detention when the person is "detained pursuant to legal process"— meaning the date a judge determines that the custody is justified. *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013); *Fox v. Hayes*, 600 F.3d 819, 846 (7th Cir. 2010); *Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994). The last of these dates is February 18, 2012, when Scott was released on bond and learned that the police would not return the items that he now characterizes as stolen. The suit is untimely, which makes it unnecessary to discuss other potential issues.

For clarity, however, we add that Scott's attempt to evade the time limit by characterizing the defendants' conduct as a conspiracy is unavailing. A conspiracy between private parties and state actors authorizes suit against the private parties in federal court. See *Dennis v. Sparks*, 449 U.S. 24 (1980) (42 U.S.C. §1985(3)); *Adickes v. S.H. Kress & Co.*, 398 U.S. 114, 149–52 (1970) (§1983); *Dixon v. Lawton*, 898 F.2d 1443, 1447–48 (10th Cir. 1990) (discussing the differences between §1983 and §1985 conspiracy liability). All of the defendants in this suit, however, are public employees (plus their employer), which means that a conspiracy claim has no role to play. See, e.g., *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009).

The district court relinquished supplemental jurisdiction over Scott's claims under Illinois law, see 28 U.S.C. §1367(c)(3), and did not abuse his discretion in doing so. All of Scott's state-law claims remain open to litigation in state court.

AFFIRMED