**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 13, 2016[*]
Decided June 14, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-2894 | Appeal from the |
| | United States District Court |
| EDDIE TOWNSEND | for the Northern District of Indiana, |
| *Plaintiff-Appellant,* | Fort Wayne Division. |
| | |
| *v.* | No. 1:13cv315 |
| | |
| MATTHEW B. WILSON, *et al.,* | Susan L. Collins, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Eddie Townsend sued the City of Fort Wayne, Indiana, and several city police officers after he was arrested (but not prosecuted) for driving while intoxicated. He claimed that the officers did not have probable cause to arrest him or to file a criminal complaint, and he sought damages under both 42 U.S.C. § 1983 and state tort law. The district court (a magistrate judge presiding by consent) granted summary judgment for the defendants on all claims. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The following facts are undisputed unless otherwise noted. In August 2012 Townsend was involved in a traffic accident. Officer Matthew Wilson responded to the scene, and two witnesses told him that Townsend had driven past very quickly, [had run] a red light, and [had] hit another car. The driver of that car suggested to Officer Wilson—in the officer's words—that he should "check Mr. Townsend because he might be intoxicated." By Officer Wilson's account, Townsend's eyes were red, his breath smelled moderately of alcohol, and his speech was slurred. In contrast Townsend swears that he did not consume any alcohol that day and did not exhibit any of the physical symptoms described by Officer Wilson. The officer administered a portable breath test ("PBT"), which registered a blood-alcohol concentration of 0.12%, above Indiana's legal limit of 0.08%.

Two other Fort Wayne police officers then helped cuff Townsend and seat him in a squad car. Once at the jail, Officer Richard Page, a certified breath-test operator, read Townsend the Indiana Implied Consent Notice, and Townsend agreed to take a chemical test. Protocol required a 20-minute wait before that test could be administered, and during that lull, Townsend was given three field-sobriety tests, one of which he failed. Townsend then submitted to the chemical breath test. That test registered an "invalid" result, but instead of waiting another 20 minutes before retesting—as mandated by state regulations—Officer Page repeated the test after just 6 minutes. This second test registered an "incomplete" result.

Officer Wilson then completed an "Affidavit for Probable Cause." He said he thought Townsend had been driving while intoxicated based on his observations that Townsend needed support and staggered when walking, was swaying, had red eyes, slurred his speech and mumbled, was argumentative, and had a moderate odor of alcohol on his breath. (Again, Townsend denies that he displayed any of these signs of intoxication while interacting with Officer Wilson.) Wilson also checked the box indicating that Townsend had refused to take a breath test, which resulted in the immediate suspension of Townsend's license. Townsend was jailed overnight and released the next morning after posting bond.

Three days after Townsend's release, a state judge concluded that there was probable cause to believe that he had operated a vehicle while intoxicated in a manner that endangered a person, see IND. CODE § 9-30-5-2(b), and he was charged by information with that misdemeanor offense. Townsend then sought to have his driver's license reinstated by asking a judge to review Officer Wilson's representation that he had refused to take a breath test. At an evidentiary hearing, Officer Page testified about

the two chemical breath tests he had administered. Page opined that Townsend had not blown into the device properly, but he admitted that by waiting only 6 minutes before giving the second test instead of the required 20, he did not follow the State's guidelines for administering chemical breath tests. This admission prompted the judge to reinstate Townsend's license. Afterward the DWI charge was dismissed, and Townsend admitted only that he had run a red light. *See id.* § 9-21-3-7.

In September 2013, about a year after he was taken into custody and a month after the criminal proceedings had ended, Townsend filed a Notice of Claim under the Indiana Tort Claims Act. He also filed this action (which the defendants removed from state to federal court). Relying on federal law, Townsend claimed that Officer Wilson had lacked probable cause to administer the PBT or to arrest him and that both Wilson and Officer Page had engaged in a malicious prosecution. (Another federal claim against these officers and two other police officers has been abandoned on appeal.) Townsend also claimed that Wilson, Page, and the City were liable under state law for false arrest, false imprisonment, malicious prosecution, and negligence. The defendants moved for summary judgment, arguing that they were entitled to qualified immunity on the federal claims and that the state claims were either untimely or barred by the Indiana Tort Claims Act.

The district court granted summary judgment for the defendants. The court first reasoned that Officer Wilson had needed only reasonable suspicion, not probable cause, to detain Townsend and administer the PBT. And there was reasonable suspicion, the court continued, because of the eyewitness accounts given to Officer Wilson. Those same witness statements plus the results of the PBT, the court explained, had given the officers probable cause to take Townsend into custody for further investigation. In addition, although acknowledging that Officer Page had administered the chemical breath tests improperly, the district court concluded that this failure to follow protocol had not affected the state judge's assessment of probable cause because the results of the two tests were not relied on in the Affidavit for Probable Cause. As a result, the judge concluded, Townsend's claims of false arrest, false imprisonment, and malicious prosecution could not succeed. Finally, the judge held that under the Indiana Tort Claims Act, the defendants were immune from liability for malicious prosecution and negligence under state law, and that all of the state claims except for malicious prosecution were untimely.

On appeal Townsend challenges the grant of summary judgment as to each of his federal and state claims against Officer Wilson, Officer Page, and the City. We begin

with the federal claims against Officer Wilson. Townsend argues generally that Wilson lacked probable cause to administer the PBT and arrest him. We recently concluded that a "breathalyzer examination constitutes a search implicating the Fourth Amendment" and "must be supported by probable cause to believe that the test will yield evidence of a crime." *Seiser v. City of Chicago*, 762 F.3d 647, 654 (7th Cir. 2014). But the PBT in this case was administered two years before our decision, and at that time Indiana courts had opined that the Fourth Amendment required only reasonable suspicion before a PBT could be administered. *See Indiana v. Whitney*, 889 N.E.2d 823, 829 (Ind. Ct. App. 2008); *see also North Dakota v. Baxter*, 863 N.W.2d 208, 212–13 (N.D. 2015); *Vermont v. McGuigan*, 965 A.2d 511, 515–17 (Vt. 2008). A police officer in Wilson's position thus reasonably would have believed that the higher threshold of probable cause was not constitutionally required. *See generally Sornberger v. City of Knoxville*, 434 F.3d 1006, 1013 (7th Cir. 2006) (officer is entitled to qualified immunity if conduct would reasonably have been thought constitutional). Additionally, an officer reasonably would have believed that although slim evidence, Townsend's driving, combined with the other driver's observation that Townsend may have been drinking, constituted reasonable suspicion. *See United States v. Rivera*, 906 F.2d 319, 321 (7th Cir. 1990) (erratic driving supported reasonable suspicion of driving while intoxicated); *Bogetti v. State*, 723 N.E.2d 876, 879 (Ind. Ct. App. 2000) (reasonable suspicion to stop vehicle after citizen reported that driver "may be intoxicated"); *State v. Springmier*, 559 N.E.2d 319, 320–21 (Ind. Ct. App. 1990) (reasonable suspicion to stop vehicle after 911 call reporting erratic driving by potential drunk driver). Officer Wilson is therefore entitled to qualified immunity on Townsend's claim that the administration of the PBT violated the Fourth Amendment. And once the PBT was administered, Wilson had probable cause to arrest Townsend because the test revealed that his blood-alcohol content was over the legal limit. *See Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

We next turn to Townsend's federal claim of malicious prosecution, which he brought against both Officer Wilson and Officer Page, and conclude that the district court properly granted summary judgment in favor of the defendants. Townsend contended that Wilson and Page had prosecuted him based on the chemical breath tests that Page administered in violation of Indiana's guidelines. But Townsend was not prosecuted because of those chemical breath tests. The Affidavit for Probable Cause prepared by Wilson noted that the first chemical test result was invalid and did not rely on either test result to support probable cause.

Still, the Affidavit for Probable Cause did rely on Wilson's disputed observations of Townsend, and an officer who makes misstatements to a prosecutor, causing charges

to be brought, can be liable for malicious prosecution. *See Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 901 (7th Cir. 2001). Although federal court is "rarely the appropriate forum for malicious prosecution claims," *Howlett v. Hack*, 794 F.3d 721, 727 (7th Cir. 2015) (quotation marks and citation omitted), Indiana does not provide an adequate state remedy for these claims, so they can be pursued in federal court under the Due Process Clause,[1] *Julian v. Hanna*, 732 F.3d 842, 846–47 (7th Cir. 2013). To succeed on this claim, the plaintiff must have suffered a liberty or property deprivation as a result of legal process. *See Serino v. Hensley,* 735 F.3d 588, 593–94 (7th Cir. 2013); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

Townsend offered no evidence that he suffered actionable harm resulting from the filing of criminal charges by the prosecutor, before which he could not have had a claim for malicious prosecution. *See Wallace v. Kato,* 549 U.S. 384, 389–90 (2007); *Serino,* 735 F.3d at 594–95; *Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004). Having to appear in court to defend against charges is not an actionable deprivation of liberty. *See Cairel v. Alderden,* No. 14-1711, 2016 WL 2641836, at *5 (7th Cir. May 5, 2016)*; Serino,* 735 F.3d at 594; *Alexander v. McKinney*, 692 F.3d 553, 557 n.2 (7th Cir. 2012). And Townsend did not introduce evidence of any other restrictions on his liberty; he was released on bond the morning after his arrest and was not detained again. *See Saunders-El v. Rohde*, 778 F.3d 556, 561 (7th Cir. 2015) (concluding that plaintiff who was released on bond the day after his arrest and was acquitted could not succeed on a claim of due-process violation based on allegation that police had fabricated evidence); *Alexander*, 692 F.3d at 557 (same). Townsend did post a $750 surety bond, and we assume that the premium was not refunded after the criminal case had ended and the bond was released. *See Smith v. City of Hammond,* 388 F.3d 304, 308 (7th Cir. 2004); *Lake Cnty. Clerk's Office v. Smith*, 766 N.E.2d 707, 709–10 (Ind. 2002). But we have explained that fees paid in lieu of a cash bond are an "incidental expense" not protected by the Due Process Clause. *Albright v. Oliver*, 975 F.2d 343, 347–48 (7th Cir. 1992), *aff'd*, 510 U.S. 266 (1994). And in any event, because the bond amount was predetermined by a bail schedule and

[1] Other circuits allow claims of malicious prosecution to rest on the Fourth Amendment. *See Julian v. Hanna*, 732 F.3d 842, 846 (7th Cir. 2013) (citing cases). Though we have rejected this approach, the Supreme Court has granted certiorari to address this question. *See Manuel v. City of Joliet*, 590 F. App'x 641 (7th Cir. 2015), *cert. granted* 136 S. Ct. 890 (Jan. 15, 2016). But because Townsend was released on bond the morning after his arrest and was not detained after charges were filed, he did not suffer a Fourth Amendment injury that would support a claim of malicious prosecution. *See Bianchi v. McQueen*, No. 14-1635, 2016 WL 1213270, at *10 n.6, *11 (7th Cir. Mar. 29, 2016).

set before Townsend had appeared before a judge, the premium he paid was the result of his arrest and not the allegedly false statements Officer Wilson had made in his affidavit. *See* IND. CODE § 35-33-7-1(b) (allowing payment of bail before initial hearing with judge); ALLEN COUNTY BAIL SCHEDULE (2010), http://www.in.gov/ipdc/public/bailbonds/Allen%20County.pdf (setting $750 bail amount for operating vehicle while intoxicated). Townsend thus lacked evidence from which a jury could infer that he suffered constitutionally significant harm even if Wilson did mislead the prosecutor into filing charges.

Finally, we conclude that the district court correctly granted summary judgment for the defendants on Townsend's state-law claims. The Indiana Tort Claims Act requires that notice under that statute be given within 180 days of a loss attributable to a municipality or the municipality's employees acting within the scope of their employment. IND. CODE § 34-13-3-8(a); *Waldrip v. Waldrip*, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012). Townsend does not argue that the defendant police officers were acting beyond the scope of their employment, and except for his claim of malicious prosecution, the loss for Townsend's state-law claims occurred at the time of his arrest. *See Waldrip*, 976 N.E.2d at 111. But Townsend waited more than one year before tendering the statutory notice. And as for his claim of malicious prosecution, because the officers were acting within the scope of their employment, the City and the officers are immune from liability. *See* IND. CODE § 34-13-3-3(6); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Julian*, 732 F.3d at 848–49.

AFFIRMED.