NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Argued April 24, 2018
Decided August 21, 2018

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-2905

HEATHER STONE,
    *Plaintiff-Appellant,*

*v.*

DOYLE T. WRIGHT,
    *Defendant-Appellee.*

Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.

No. 2:17-cv-00092-JMS-MJD
Jane E. Magnus-Stinson, *Chief Judge.*

**Order**

Heather Stone was arrested in May 2014, released on bond after a day or two, and exonerated in November 2015, when the charges against her were dismissed. In October 2016 she filed this suit seeking damages for arrest without probable cause (in violation of the Fourth Amendment) and malicious prosecution. The district court dismissed the false-arrest charge as untimely, citing *Wallace v. Kato*, 549 U.S. 384 (2007), which holds that a Fourth Amendment claim accrues when a person is detained pursuant to judicial process. 2017 U.S. Dist. LEXIS 129528 (S.D. Ind. Aug. 15, 2017). (The district court applied Indiana's two-year time for personal-injury suits.) The malicious-prosecution claim failed, to the extent it rested on federal law, because its success would have depended

on the time-barred false-arrest claim. In other words, the district judge held that malicious prosecution is not an independent constitutional tort but depends on proof that some particular constitutional provision has been violated.

Before the district judge released her opinion, the Supreme Court held in *Manuel v. Joliet*, 137 S. Ct. 911 (2017), that a Fourth Amendment claim does not invariably accrue at the outset of judicial process. The district court did not mention *Manuel*, perhaps because the parties did not notice its potential significance. In this court, too, the parties' briefs disregard *Manuel*. They also disregard the possibility that Stone should be treated as still in custody while subject to the conditions of her bond. Stone now appears to concede (Br. 9) that her Fourth Amendment claim is untimely. She contends only that she has a viable "constitutional malicious prosecution" claim—a phrase we enclose in scare quotes because it is hard to locate any part of the Constitution that creates such a claim. *Manuel* says that there is no such thing as "Fourth Amendment malicious prosecution." Wrongful arrest or detention creates a wrongful-seizure claim, plain and simple, and the constitutional objection is to wrongful custody rather than to a criminal prosecution. 137 S. Ct. at 917–20.

Well before *Manuel*, this circuit too had held that the Constitution does not create a freestanding malicious-prosecution claim. Although aspects of that state-law tort may play roles in litigation under 42 U.S.C. §1983, the plaintiff still must show a violation of some specific constitutional right. See, e.g., *Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018) (citing cases); *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause. Thus, [a plaintiff] must allege something else that does amount to a constitutional violation (even if he calls it malicious prosecution)."); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). The district judge's conclusion that Stone could not do this, given her delay in seeking relief for the wrongful arrest and detention, led the court to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

Stone's appellate brief proceeds as if there were a stand-alone federal constitutional right not to be prosecuted without probable cause, despite this court's contrary decisions. She does not ask us to reexamine these decisions; instead she ignores them. Nor does she ask us to treat the Fourth Amendment theory as live to the extent that it is used derivatively (through the lens of malicious prosecution). This strategy cannot succeed. The district court was right to hold, under decisions not questioned here, that Stone lacks a federal, stand-alone claim equivalent to the state-law tort of malicious prosecution. (Stone's reply brief does hint at a challenge to the law of this circuit, but the challenge is not express and at all events comes too late.)

The district court's decision sent all of Stone's state-law claims to state court. That is where they belong.

                                                                          AFFIRMED