| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2019[*]
Decided August 12, 2019

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3281

| | |
| --- | --- |
| JAMES M. WRIGHT, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:18-cv-579-JD-MGG |
| JASON RUNYAN, et al., | |
|     *Defendants-Appellees*. | Jon E. DeGuilio, |
| | *Judge*. |

## O R D E R

James Wright, an Indiana inmate, appeals the dismissal of his complaint alleging that Elkhart police officers and the county prosecutor (1) failed to investigate and prosecute a man who attacked him during a home invasion, and (2) unlawfully arrested and prosecuted him based on the attacker's false statements. We affirm but modify the judgment for the reasons specified below.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellate brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

We accept as true the following allegations in Wright's complaint. *Welton v. Anderson*, 770 F.3d 670, 672 (7th Cir. 2014). Wright contacted Elkhart police officers to report a home invasion. He told the responding officers that Matthew Thompson, a man with whom he had ongoing disputes, had broken into his home and attacked him with a wooden board. The officers recovered the weapon, took photos of the damage, reviewed footage from Wright's security camera, and took a statement. Afterward, a detective asked Wright to come to the police station to answer more questions, but Wright was unable to do so, and the detective later told Wright that he closed the case because Wright did not cooperate. Wright also contacted the county prosecutor's office to pursue charges against Thompson, but the office declined to do so.

Two months later, Elkhart police arrested Wright on a warrant that was based on unspecified allegations made by Thompson. Wright was detained for a week before being released on bond. Several weeks later, he was arrested again on different charges, and he ultimately pleaded guilty to unlawful possession of a firearm.

Wright sued the detective, responding officers, and county prosecutor under 42 U.S.C. § 1983, alleging, first, that they failed to investigate and prosecute Thompson for the home invasion and, second, that they wrongfully arrested and prosecuted him based on Thompson's accusations. The district court screened the complaint and dismissed it for failure to state a claim, *see* 28 U.S.C. § 1915A. On the first claim, the court concluded that Wright had no cognizable interest in Thompson's prosecution. As for the second claim, the court considered whether Wright could be asserting malicious prosecution, *see Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 899 (7th Cir. 2001), but concluded that he could state no such claim because his state criminal case was pending, and thus he could not show that the proceedings had terminated in his favor.

On appeal, Wright maintains that the defendants failed to investigate and prosecute Thompson for the home invasion. But as the district court determined on this first claim, Wright—a private citizen—has no judicially cognizable interest in the prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Wright counters that the failure to prosecute his attacker endangers his life, but "[t]here is no federal constitutional right to be protected by the government against private violence in which the government is not complicit." *Sandage v. Bd. of Comm'rs of Vanderburgh Cty.*, 548 F.3d 595, 596 (7th Cir. 2008) (citing *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989)).

Wright also generally disputes the district court's conclusion on his second claim that he failed to state a malicious-prosecution claim because he could not show that the state criminal proceedings had terminated in his favor. At screening, the district court interpreted Wright's second claim as either for false arrest, which it found barred, or "akin to a claim for malicious prosecution." (Dist. Ct. D.E. 7, pp. 2-3) This claim would have been better characterized as simply a Fourth Amendment claim for pretrial detention after *Manuel v. City of Joliet, Ill.* ("Manuel I"), 137 S. Ct. 911 (2017); *Manuel v. City of Joliet, Ill.* ("Manuel II"), 903 F.3d 667, 670 (7th Cir. 2018); and *Lewis v. City of Chicago*, 914 F.3d 472, 478–79 (7th Cir. 2019). Such a claim accrues when detention ends. Because Wright was still detained, the district court could have concluded it was premature and dismissed it without prejudice.

If Wright meant to bring a state law malicious prosecution claim, the district court did not abuse its discretion in relinquishing jurisdiction over this supplemental state claim. *See Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018). That claim should have been dismissed without prejudice, however. *See id*. We affirm the dismissal with prejudice of Wright's first claim.

We have considered Wright's remaining arguments, and none has merit. Accordingly, we AFFIRM the judgment as modified.